MICHELE BECKWITH
Acting United States Attorney
BRITTANY M. GUNTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

**FILED**
Jul 18, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>         v.<br><br>MATTHEW DANE BILLINGSLEY,<br><br>                     Defendant. | CASE NO. 1:25-cr-00140-JLT-SKO<br><br>PLEA AGREEMENT |

### I.   INTRODUCTION

**A.   Scope of Agreement.**

The Information in this case charges the defendant with a violation of 18 U.S.C. § 1343 (wire fraud). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.   Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

PLEA AGREEMENT                                       1

concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea.

The defendant will plead guilty to Count One, a violation of 18 U.S.C. § 1343 (wire fraud). The defendant agrees that he is in fact guilty of the charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

   1.     Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charge to which he is pleading guilty and that pursuant to Fed. R. Crim. P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of Indictment to the charge set forth in the Information. The defendant agrees that at a time set by the Court, he will sign a

written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

**B.    Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by his offenses, including, but not limited to, the victims covered in the factual basis and other victims as a result of the defendant's conduct for the offenses charged from the periods of 2018 through 2023. The amount of restitution will not exceed $20,000,000.

To the extent he is able, Defendant will make payments towards the restitution prior to sentencing by check or money order and made payable to "Clerk of the Court" and delivered to:

> Office of the Clerk
> 501 I Street, Suite 4-200
> Sacramento, CA 95814

All funds received will be disbursed to victims at sentencing.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities or real property) with an aggregate value of less than $5,000.

Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

### C. Fine.

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

### D. Special Assessment.

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### E. Violation of Plea Agreement by Defendant/Withdrawal of Plea.

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right to prosecute the defendant on the count to which he pleaded guilty and file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision

to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### F. Forfeiture.

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b). Those assets include, but are not limited to, the following:

   a.   a money judgment in an amount of up to $20,000,000.

The defendant agrees that the listed assets constitutes or is derived from proceeds obtained directly or indirectly or that are traceable to violations of 18 U.S.C. § 1343.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

PLEA AGREEMENT                                             5

administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### G. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

### III.   THE GOVERNMENT'S OBLIGATIONS

### A.   Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A, except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea), VI.B

(Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

**B.     Recommendations.**

1.     Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range as determined by the Court.

2.     Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.     Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.     ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty, wire fraud in violation of 18 U.S.C. § 1343:

1. The defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2. Statements made as part of the scheme or plan to defraud were material, that is, the statements had a natural tendency to influence or were capable of influencing, a person to part with money or

property;

3. The defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

4. The defendant used, or caused to be used, an interstate wire communication to carry out, or attempt to carry out, an essential part of the scheme or plan.

The defendant fully understands the nature and elements of the crime charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty.

The maximum sentence that the Court can impose is twenty years of incarceration, a fine of $250,000, a three-year period of supervised release, and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.     Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years of imprisonment.

## VI.     SENTENCING DETERMINATION

### A.     Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. **Stipulated Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level (2B1.1(a)(1)):  **7**

2. Specific Offense Characteristics:

    Loss Amount  **+20 or +22**

    > The parties agree that the loss amount is no less than $9,500,000. The parties agree that the defendant may argue that the loss amount is less than $25,000,000, and the government may argue that the loss amount is more than $25,000,000. The defendant understands that his offense level may be increased by **+20** (2B1.1(b)(1)(K)) or **+22** (2B1.1(b)(1)(L)), depending on the Court's determination as to the loss amount.

    Ten or More Victims (2B1.1(b)(2)(A)(i))

    > The parties agree that they will argue the applicability of the two-level enhancement for ten or more victims.

    Derived More than $1,000,000 in Gross Receipts from Financial Institutions (2B1.1(b)(17)(A))  **+2**

    Sophisticated Means (2B1.1(b)(10)(C))

    > The parties agree that they will argue the applicability of the two-level enhancement for sophisticated means.

    Unauthorized Use of Means of Identification to Produce or Obtain Any Other Means of Identification (2B1.1(b)(11)(C)(i))

    > The parties agree that they will argue the applicability of the two-level enhancement for unauthorized use of means of identification to produce or obtain any other means of identification.

3. Acceptance of Responsibility: See paragraph III.B.2 above.  **-3**

PLEA AGREEMENT                                9

4.     Criminal History: The parties estimate, but do not stipulate, that the defendant's criminal history category will be I or II. The defendant may argue he qualifies as a zero-point offender pursuant to 4C1.1. The government may oppose the two-level reduction of the adjusted offense level for zero-point offender.

5.     Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on post-plea obstruction of justice (§3C1.1).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a), but not less than 60 months of imprisonment.

The government will recommend the defendant be sentenced to a term of imprisonment at the low end of the applicable guideline range as determined by the Court, three years of supervised release, and full restitution.

## VII.     WAIVERS

### A.     Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.     Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal

challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

### VIII.  ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

///

PLEA AGREEMENT                                      11

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 7-10-25

DANIEL BACON
Attorney for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated:

MATTHEW DANE BILLINGSLEY
Defendant

### C. Attorney for United States:

I accept and agree to this plea agreement on behalf of the government.

Dated: 7-10-25      7/11/25 BMG

MICHELE BECKWITH
Acting United States Attorney

BRITTANY M. GUNTER
Assistant United States Attorney

PLEA AGREEMENT                    12

EXHIBIT "A"

Factual Basis for Plea

If this case went to trial, the United States would establish the following facts beyond a reasonable doubt:

Beginning no later than June 2018, and continuing through February 2023, in Fresno County, State and Eastern District of California, and elsewhere, the defendant, Matthew Dane Billingsley, knowingly devised, intended to devise, participated in, and executed a material scheme and artifice to defraud individuals lenders and financial institutions of money and property, and to obtain money and property from individual lenders and financial institutions, by means of materially false and fraudulent pretenses, representations, and promises.

Specifically, Billingsley made false and fraudulent representations about having a brokerage account with millions of dollars in assets to serve as collateral for loans. Billingsley gave false and fabricated brokerage account statements to obtain, and attempt to obtain, over $30,000,000 in loans from individual lenders and financial institutions. Billingsley also misrepresented to individual lenders and financial institutions the intended use of the loan funds and instead used the money to pay off or pay down previous loans and for his personal benefit.

For example, in May 2021, Billingsley obtained a loan from Financial Institution 1 for $5,000,000. Billingsley obtained the loan after providing Financial Institution 1 a brokerage account statement claiming Billingsley had $11,000,000 in assets. The brokerage account statement was false because the brokerage account did not exist. Billingsley knew the brokerage account statements were false, and that the brokerage account did not exist. When Billingsley obtained the loan funds, he used the funds to make payments on loans he fraudulently obtained from other financial institutions and individual lenders.

On or about May 7, 2021, in the State and Eastern District of California, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant knowingly transmitted and caused to be transmitted by means of wire and radio communication in interstate commerce the following writings, signs, signals, pictures, and sounds:

| WIRE TRANSMISSION | SENDER | RECEIVER |
|---|---|---|
| Wire transmission of monies in the amount of $1,000,000 sent through the Federal Reserve Bank of New York routed through computers in New York | Financial Institution 1 | Billingsley's account ending in 7585 in Clovis, California |

Further, to obtain one of the loans, Billingsley used a Fresno restaurant owner's name and signature on a profit-sharing agreement that Billingsley created and forged. Billingsley presented the false and fraudulent profit-sharing agreement to a financial institution with a loan number.

At all relevant times, Billingsley acted with intent to defraud. As a result of the defendant's conduct, he received over $30,000,000 in loans from individual lenders and financial institutions. This was all in violation of 18 U.S.C. § 1343 (wire fraud).

Dated: 7-10-25

MATTHEW DANE BILLINGSLEY

PLEA AGREEMENT   A-1